IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                          **Case No. 12-40017-01-RDR**

CHRISTOPHER L. KENNY, JR.,

           Defendant.

## O R D E R

The defendant is charged in a one-count indictment with arson in violation of 18 U.S.C. § 844(i). The defendant seeks to dismiss the indictment. The court has conducted oral argument on the defendant's motion and is now prepared to rule.

The defendant contends that the facts alleged by the government do not meet the jurisdictional interstate commerce element of the statute. The government has responded that (1) the defendant's motion is premature; or (2) in the alternative, the facts do meet the interstate commerce requirement of 18 U.S.C. § 844(i).

The defendant is charged with destroying by means of fire and an explosive an apartment complex at 1030 Vattier Street in Manhattan, Kansas. The affidavit in support of the charge indicated that the apartment complex was under construction at the time of the fire. The affidavit further indicated the windows and doors had been made in other states, so both the windows and doors

had "traveled in interstate commerce."

The statute in question allows federal jurisdiction over arson when the property ("building, vehicle or other real or personal property") is used in interstate or foreign commerce or "in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i). The defendant, relying on Jones v. United States, 529 U.S. 848 (2000), contends that the mere use of materials purchased from out-of-state in the construction of an apartment building does not meet the jurisdictional interstate commerce requirement because the building was not currently being used in interstate commerce or a commerce-affecting activity.

In Jones, the Supreme Court addressed "whether arson of an owner-occupied private residence falls within § 844(i)'s compass." 529 U.S. at 850. The Court held that an "owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity," such that arson of such property was outside the ambit of the federal arson statute. Id. at 850-51. Thus, the defendant contends that Jones rejected the idea that property whose damage or destruction "might" affect interstate commerce was not sufficient to constitute a violation of § 844(i).

The court must first consider whether the issue raised by the defendant is premature. A party may "raise by pretrial motion any defense, objection, or request that the court can determine without

a trial of the general issue." Fed.R.Crim.P. 12(b)(2).  In a criminal matter, the "general issue" is "defined as evidence relevant to the question of guilt or innocence." United States v. Pope, 613 F.3d 1255, 1259 (10th Cir. 2010) (quoting United States v. Yakou, 428 F.3d 241, 246 (D.C.Cir. 2005)).  In Pope, the Tenth Circuit indicated that a district court can only consider a motion to dismiss that requires resort to facts outside the indictment and bearing on the general issue where "[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts, and [3] the district court can determine from them that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."  Id.(internal quotations omitted).

The court is not persuaded that the instant case meets the rare exception noted in Pope.  The defect of which the defendant complains goes to the general issue and requires facts outside the indictment which are not undisputed.  Thus, the court finds that the defendant's motion is premature.

The defendant has suggested that the court can consider this issue because the interstate commerce requirement of § 844(i) is a jurisdictional element.  We must disagree.  In prosecutions under statutes that contain a jurisdictional element, sufficiency challenges are properly addressed after the government's presentation of its evidence at trial.  See, e.g., United States v.

3

Alfonso, 143 F.3d 772, 777 (2nd Cir. 1998) ("In the case of a Hobbs Act prosecution, the requirement of an effect on interstate commerce is itself an element of the offense charged, and the determination of whether the jurisdictional element has been satisfied is part and parcel of the inquiry into the "general issue" of whether the statute has been violated."); United States v. Nukida, 8 F.3d 665, 669-70 (9th Cir. 1993) (in product tampering prosecution, Rule 12(b) motion to dismiss on ground that commerce element was lacking "amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense").

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 23) is hereby denied as premature.

**IT IS SO ORDERED.**

Dated this 26th day of April, 2012 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge